IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CAROL ANN DESMOND,  )
       )
    Plaintiff,  )
       )
  -vs-  )  Civil Action No. 13-1078
CAROLYN W. COLVIN,  )
COMMISSIONER OF SOCIAL SECURITY,  )
       )
    Defendant.  )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 8 and 11). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 9 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 8) and granting Defendant's Motion for Summary Judgment. (ECF No. 11).

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income pursuant to the Social Security Act ("Act"). The parties assert that Plaintiff filed her applications on January 14, 2010, alleging she has been disabled since September 30, 2009. (ECF No. 9, p. 1; No. 12, p. 2). Administrative Law Judge ("ALJ"), John Kooser, held a hearing on July 18, 2011. (ECF No. 5-3, pp. 2-57). On September 22, 2011, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 5-2, pp. 20-34). After exhausting all administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 8 and 11). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Treating Heath Care Provider

Plaintiff argues that the ALJ failed to provide adequate reasons for rejecting the opinion of Plaintiff's health care provider, a certified nurse practitioner ("CNP"), that Plaintiff would not be able to work from November 1, 2009 until October 1, 2010. (ECF No. 9, pp. 7-9; No. 5-8, pp. 15-16). A nurse practitioner is not "an acceptable medical source" in assessing a claimant's disability but, rather, is considered an "other source." SSR 06-03p. Therefore, a nurse practitioner's opinions cannot establish the existence of a medically determinable impairment. SSR 06-03p; *Chandler v. Comm'er of S.S.,* 677 F.3d 356, 361-362 (3d Cir. 2011); *see, Hartranft v. Apfel,* 181 F.3d 358, 361 (3d Cir. 1999); see also, SSR 06-03p; 20 C.F. R. §416.913(a) and §404.1513(a), (e). Social Security Ruling 06-03p provides, however, that an ALJ will consider evidence from such "other sources" in determining whether a disability exists as they may provide insight into the severity of the impairment and the ability of the individual to function. As such, an ALJ should weigh this evidence with the rest of the evidence using the same factors, including:

3

how long the source has known and how frequently the source has seen the individual; how consistent the opinion is with other evidence; the degree to which the source presents relevant evidence to support an opinion; how well the source explains the opinion; whether the source has a specialty or area of expertise related to the individual's impairment; and, any other factor that tends to support or refute the opinion. *Id*.

Here, the ALJ assigned little weight to the CNP's opinion that Plaintiff was disabled from November 1, 2009 until October 1, 2010, because: 1) the CNP completed a form without providing any significant explanation or rationale; 2) the CNP's opinion was not consistent with Plaintiff's conservative treatment history; and 3) the CNP's opinion would not be consistent with a finding of disabled because she found Plaintiff to be disabled for less than 12 months. (ECF No. 5-2, p. 32). After a review of the record, I find the reasons stated by the ALJ for assigning little weight to the CNP's checked box form to be supported by substantial evidence of record. *See, Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993) ("Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best."); *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (An ALJ can provide more or less weight to the diagnosis depending upon supporting explanations and consistency with other substantial evidence of record). Furthermore, ultimate questions of disability are reserved for the ALJ to determine. 20 C.F.R. §§ 404.1527, 416.927. Based on the same, I find no error in this regard on the part of the ALJ.

### C. Residual Functional Capacity ("RFC")

Plaintiff next argues that the ALJ erred in finding Plaintiff had the RFC to perform light work. (ECF No. 9, pp. 9-11). Plaintiff states that to be able to perform light work an individual needs to be able to stand for more than three hours in an eight hour work day and there is evidence that Plaintiff cannot do that. *Id.* at 10. The ALJ, however, did not hold Plaintiff to the three hour requirement. Rather, he found that Plaintiff is able to perform light work "except that

she would need to be able to alternate between sitting and standing as needed." (ECF No. 5-2, p. 26). As a result, I find Plaintiff's argument in this regard is misplaced.

Additionally, Plaintiff argues that the ALJ erred in finding that Plaintiff was capable of occasionally lifting and carrying up to twenty pounds. (ECF No. 9, p. 10). After a review of the record, however, I find there is substantial evidence to support the ALJ's finding that Plaintiff was able to perform light work as it relates to lifting and carrying. (ECF No. 5-8, p. 34; No. 5-9, p. 7). Thus, I find no error in this regard.

Finally, Plaintiff argues that the ALJ erred in failing "to properly take into account the limitations caused by the medical problems related to Plaintiff's thumbs and her need to wear splints to lift even very light objects." (ECF No. 9, p. 11). I disagree. To begin with, Plaintiff does not cite to any medical evidence of record to support any limitation related to Plaintiff's thumbs. *See,* ECF No. 9, p. 11). Moreover, the ALJ recognized that a whole body bone scan of Plaintiff demonstrated bilateral degenerative changes in the bases of Plaintiff's thumbs. (ECF No. 5-2, p. 28). The mere existence of a diagnosis, however, does not mean there is a limitation. Nonetheless, the ALJ did limit Plaintiff's RFC to light work. (ECF No. 5-2, p. 26). After a review of the records, I find there is substantial evidence of record to support the ALJ's RFC. Consequently, I find no error on the part of ALJ in this regard.

### D. **Plaintiff's Subjective Complaints of Pain**

Plaintiff argues that the ALJ erred in improperly evaluating her subjective complaints of pain and fatigue. (ECF No. 9, pp. 13-14). In determining if a Plaintiff is disabled, the ALJ must consider all symptoms, including pain, "and the extent to which [these] symptoms can reasonably be accepted as consistent with the objective medical evidence." 20 C.F.R. §§ 404.1529(a), 416.929(a). Pain alone, however, does not establish a disability. *Id.*

As the ALJ in this case stated, he must follow a two-step process: First, he must determine whether there is a medical impairment that could reasonably be expected to produce the plaintiff's

5

pain or other symptoms; and, second, the ALJ must evaluate the intensity, persistence, and limiting effects of the plaintiff's symptoms to determine the extent to which they limit the plaintiff's functioning.  (ECF No. 5-2, p. 26).   Allegations of pain must be consistent with objective medical evidence, and the ALJ must explain the reason for rejecting non-medical testimony. *Burnett v. Comm'r of Social Sec. Admin.,* 220 F.3d 112, 121 (3d Cir. 2000).

In this case, the ALJ explained his reasons for discrediting Plaintiff's subjective testimony and pointed to several objective medical findings that were not consistent with Plaintiff's subjective complaints.   *See,* (ECF No. 5-2, pp. 26-32).   As a result, there is substantial evidence to support the ALJ's conclusion that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms are not credible.  *Id.*   Therefore, I find no error in this regard.

### E.     **Hypothetical Questions to the Vocational Expert ("VE")**

Plaintiff argues that the ALJ erred in failing to ask the vocational expert hypothetical questions that accurately reflect Plaintiff's impairments.  (ECF No. 9, p. 12).  I disagree.  An ALJ is required to accept only hypothetical questions which accurately reflect a plaintiff's impairments.  *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984)*; Chrupcala v. Heckler,* 829 F.2d 1269, 1276 (3d Cir. 1987).  The record reveals substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments.   Consequently, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CAROL ANN DESMOND, )
 )
      Plaintiff, )
 )
  -vs- ) Civil Action No. 13-1078
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
 )
      Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 26th day of March, 2014, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 8) is denied and Defendant's Motion for Summary Judgment (Docket No. 11) is granted.

                                          BY THE COURT:

                                          s/ Donetta W. Ambrose
                                          Donetta W. Ambrose
                                          United States Senior District Judge